UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| CAROLYN SMITH, | : | CASE NO. 1:11-cv-1705 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 4] |
| LITTON LOAN SERVICING, L.P., | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Litton Loan Servicing moves the Court to grant its motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. [Doc. 4.] For the following reasons, the Court **GRANTS IN PART** the Defendant's motion.

### I. Background

On July 11, 2011, the Plaintiff filed a Complaint with the Cuyahoga County Court of Common Pleas, [Doc. 1-2], which the Defendant removed to this Court on August 15, 2011. [Doc. 1.] The Complaint alleges that during the years 2010 and 2011, the Defendant convinced the Plaintiff with false assurances of eligibility that she was eligible for a loan modification package and caused her to make above-market payments to the Defendant and incur financial harm as a result. [Doc. 1-2, at 2.] On August 22, 2011, the Defendant moved this Court to order a more specific Complaint. The Defendant argues that the Complaint fails to articulate a cause of action and was insufficiently specific to produce a meaningful response. [Doc. 4.] The Plaintiff responded on September 2, 2011, saying that she "clearly is alleging fraud" and that the Complaint pled every element of a fraud claim with sufficient particularity. [Doc. 7-1 at 3-4.]

Case No. 11-cv-1705
Gwin, J.

## II. Legal Standards

Motions for a more definite statement are rarely granted. *Kramer v. RTA-Greater Cleveland Regional Transit Authority*, No. 1:07-CV-1040, 2007 WL 2713899, at *2 (N.D. Ohio Sept. 17, 2007). A motion under Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, at *8 (S.D. Ohio Sept. 26, 2008) (citing *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001)). Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court, which considers "the minimal duty imposed . . . by the federal pleading rules and the possibility that [the defendant] might be prejudiced by attempting to answer the pleading in its existing form." *Parus v. Cator*, No. 05-C-0063-C, 2005 WL 1458770, at *3 (W.D. Wis. 2005) (citing 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1377 (1983)).

Rule 8 of the Federal Rules of Civil Procedure governs the sufficiency of the complaint.[1/] A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he simplified notice pleading standard of Rule 8(a) relies on 'liberal discovery rules and summary judgment motions' rather than on technical forms of pleading." *Fed. Ins. Co. v. Webne*, 513 F.Supp.

---

[1/] The Plaintiff says that "the standard used to determine adequacy of her pleading is a matter of Ohio law" and cites a number of cases interpreting the state Civil Rules. [Doc. 7-1 at 2.] The effort is misdirected. "Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules." *Varney v. R. J. Reynolds Tobacco Co.*, 118 F. Supp.2d 63, 67 (D.Mass. 2000).

Case No. 11-cv-1705
Gwin, J.

2d 921, 924 (N.D. Ohio 2007) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 9(b) of the Federal Rules of Civil Procedure provides heightened particularity requirements for actions in fraud, requiring a plaintiff to allege (1) "the time, place, and content of the alleged misrepresentation," (2) "the fraudulent scheme," (3) the defendant's fraudulent intent, and (4) the resulting injury. *United States ex rel. Bledsoe v. Community Health Sys.*, 501 F.3d 493, 504 (6th Cir. 2007).

### III. Analysis

Litton says that the Complaint must be amended because it fails to specify a particular cause of action. If the Complaint articulated the elements for common-law fraud under Ohio law any less plainly, the Court might be inclined to require the Plaintiff to come out and say so directly. *See In re Songer*, Bankr. No. 11-60136, 2011 WL 2607936, at *2 (Bankr. N.D. Ohio June 30, 2011). At this stage, however, any such order would be exercise in redundancy. The Plaintiff has confirmed that she "clearly is alleging fraud" under Ohio law. [Doc. 7-1 at 3-4.] Nor did the Complaint ever need clarification on that point. It was filed in state court and alleges, in order, each element of common law fraud under state law. Neither the Court nor the Defendants need "hazard a guess" as to the cause of action asserted, *Kung v. Ohio Dep't. of Ins.*, No. 2:05-CV-1048, 2006 WL 2345533, at *2 (S.D. Ohio Aug. 10, 2006), the cause of action arising from the complaint is not "notably vague," *Bush v. Banks*, Nos. 95-6370, 96-5015, 1996 WL 668551, at *3 (6th Cir. Nov. 18, 1996), the claim for relief is not "unintelligi[ble]," *Webne*, 513 F.Supp. 2d at 924, and the Complaint does not require the Defendant "to speculate" as to the cause of action alleged. *In re Songer*, 2011 WL 2607936, at *2. Rule 8 does not permit a Defendant, facing a complaint that recites each of the elements of a well-worn cause of action, to bury its head in the sand and plead prejudice.

Case No. 11-cv-1705
Gwin, J.

Though it is avowedly poor practice on the Plaintiff's part to file a complaint without explicitly identifying her cause of action, a "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed." *SKY Technology Partners v. Midwest Research Institute*, 125 F. Supp. 2d 286, 298 (S.D. Ohio 2000). The Plaintiff has confirmed that her action sounds only in fraud, and will seek leave to amend the Complaint if necessary. [Doc. 7-1 at 5.] Ordinarily, there would be no basis to order a formalistic amendment.

The Complaint, however, is insufficiently detailed in other areas. Actions in fraud are subject to the heightened pleading standards of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Sixth Circuit interprets Rule 9(b) to require a plaintiff to allege "the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quoting *Yuhasz v. Brush Wellman Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)).

Though the Complaint makes out a straightforward claim for fraud, alleging most of the necessary details required by Rule 9(b), it does not specify the place of the alleged misrepresentation. [Doc. 1-2.] This is a clear deficiency under the Sixth Circuit's view of Rule 9(b). *Bledsoe*, 501 F.3d at 504. Nor does it indicate with any meaningful particularity when the statements were made, or through which agents, and whether orally or in writing, they may have allegedly been delivered. [Doc. 1-2.]

The requirements of Rule 9(b) "should be understood in terms of [the Rule's] broad purpose of ensuring that a defendant is provided with at least the minimum degree of detail necessary to

Case No. 11-cv-1705
Gwin, J.

begin a competent defense." *United States ex rel SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008). "When read against the backdrop of Rule 8, it is clear that the purpose of Rule 9 is not to reintroduce formalities to pleading, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." *Bledsoe*, 501 F.3d at 503; *see also Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) ("The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation allowing the defendants to answer, addressing in an informed way plaintiff's claim of fraud.") (internal quotations and notations omitted).

Without greater particularity as to the circumstances of the alleged misrepresentations were delivered, Litton will have to speculate in responding to the allegations in the Complaint, threatening to prejudice its defense. Defendant Litton is entitled to a more definite statement before preparing its Answer.

Accordingly, the Defendant's Motion is **GRANTED IN PART**, and the Plaintiff is directed to file an amended complaint within 14 days detailing (1) the time the alleged misrepresentations were made; (2) the place and circumstances in which the alleged misrepresentations were made; and (3) the agents, if known, through which the Defendant made the alleged misrepresentations. The Plaintiff is further directed to formalize her cause of action for fraud in the amended Complaint. As these clarifications will adequately focus the issues upon which an answer can be drafted, the Defendant's other requests for specific information are **DENIED**. The Defendant may seek further

Case No. 11-cv-1705
Gwin, J.

details through discovery.  SNAPP, 532 F.3d at 504;  Webne, 513 F. Supp. 2d at 924.

      IT IS SO ORDERED.


Dated: October 5, 2011                  *s/    James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE